## CLAUDE TURNER v. THE STATE.

No. 23360. Delivered May 22, 1946.

The opinion states the case.

No attorney for appellant. (Brief filed by appellant in person).

A. C. *Winborn,* District Attorney, and *E. T. Branch,* Assistant District Attorney, both of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of property over the value of Fifty Dollars. The punishment assessed is confinement in the state penitentiary for a period of ten years.

The record is before us without any bills of exception or objections to the court's charge. The only question presented for review is the sufficiency of the evidence to sustain the conviction.

The statement of facts shows that on the afternoon of the 17th day of August, 1945, two suitcases disappeared from baggage truck at the Union Station in the City of Houston. On

the same afternoon appellant came to the Majestic Hotel with two suitcases, engaged a room, and while in his room, he forced open the suitcases and spread the contents out on his bed. He then inquired of the porter if he knew of anyone who wished to buy any ladies' wearing apparel. The porter replied that he did not. Appellant then took off all of his clothes except his underwear and in that condition sat in his room with the door open. Some of the guests at the hotel complained thereof to the manager, who called the police station. Soon two policemen appeared and took appellant, the suitcases, and the contents thereof to the police station. One of the suitcases belonged to Miss Joye J. Smith, who identified it, as well as her wearing apparel, and stated the aggregate value thereof to be $227.25. Appellant did not testify or offer any evidence whatsoever.

It will be noted from the foregoing statement of the State's evidence that it is ample to support the conviction

Accompanying the record, but no included therein nor a part thereof, is a judgment of conviction for a misdemeanor offense of like character of a person by the same name as that of appellant. There is also a copy of an indictment charging a person by the same name with the theft of certain wearing apparel from the same person as in the instant case and on the same day. However, these matters do not seem to have been offered in evidence upon the trial. Neither are they a part of the statement of facts and therefore cannot be considered by us. Moreover, it is not shown that the party convicted of the offense of misdemeanor theft and appellant were one and the same person.

No reversible error appearing from the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.